Filed 6/15/16  P. v. Andrade CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>TODD ANTHONY ANDRADE,<br><br>    Defendant and Appellant. | F070797<br><br>(Super. Ct. No. SCR004344)<br><br>**OPINION** |

-ooOoo-

### THE COURT\*

APPEAL from a judgment of the Superior Court of Madera County.  Charles A. Wieland, Judge.

Patricia L. Watkins, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Levy, Acting P.J., Kane, J. and Detjen, J.

Todd Anthony Andrade (defendant) filed a petition seeking resentencing pursuant to the provisions of the Three Strikes Reform Act of 2012 (the Act). The trial court denied the petition. We affirm the trial court's order.

## FACTUAL AND PROCEDURAL SUMMARY

Defendant filed a petition seeking resentencing pursuant to the provisions of Penal Code section 1170.126.[1] The trial court denied the petition concluding defendant was ineligible for resentencing. Defendant appeals from the order denying his petition.

## DISCUSSION

Section 1170.126, enacted as part of the Act, defines those eligible for resentencing as inmates serving an indeterminate third strike sentence, but declares an inmate ineligible for resentencing if he or she

(1) is serving a sentence for a crime that is listed as a serious (§ 1192.7, subd. (c)) or violent felony (§ 667.5, subd. (c)),

(2) is serving a sentence for a crime committed under the circumstances listed in section 667, subdivision (e)(2)(C), clauses (i) through (iii), or section 1170.12, subdivision (c)(2)(C), clauses (i) through (iii), or

(3) has a prior conviction for an offense appearing in section 667, subdivision (e)(2)(C), clause (iv), or section 1170.12, subdivision (c)(2)(C), clause (iv). (§ 1170.126, subd. (e).)

If an inmate is eligible under the statute, then he must be resentenced "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

The trial court's analysis ended in the first step of its inquiry when it concluded defendant was ineligible for resentencing. Although the record does not contain any documents reviewed by the trial court, in denying the petition the trial court indicated it

---

[1] All statutory references are to the Penal Code.

recalled presiding over the trial, had read the record, and had reviewed the nonpublished appellate court opinion from defendant's appeal from the conviction.

We have reviewed our opinion from defendant's appeal from the underlying conviction. (*People v. Andrade* (Jan. 31, 2007, F048471) [nonpub. opn.].) This opinion confirms defendant was convicted of several crimes, including assault on a peace officer with a deadly weapon in violation of section 245, subdivision (c). As the result of one of defendant's arguments on appeal, we quoted in the opinion the verdict on this count: " 'We, the jury in the above entitled matter, find the defendant, TODD ANTHONY ANDRADE, guilty of willfully and unlawfully committing an assault upon Christian Swanson, a peace officer engaged in his course of duties, with a deadly weapon, to wit, a Ford Mustang, by means of force likely to produce great bodily injury, a felony violation of section 245(c) of the Penal Code of the State of California as charged in Count Four of the Information on file herein.' " (*People v. Andrade*, *supra*, F048471, boldface & italics omitted.)

Assault with a deadly weapon on a peace officer is a serious felony. (§ 1192.7, subd. (c)(11).) Inmates who were convicted of committing a serious felony are ineligible for resentencing. (§ 1170.126, subd. (e)(1).) Accordingly, as the trial court concluded, defendant is ineligible for resentencing.

Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, asserting she could not identify any arguable issues in the case. As our analysis shows, appellate counsel was correct. By letter dated May 21, 2015, we invited defendant to inform us of any issue he wished us to address.

Defendant responded to our letter asking us to address three issues: (1) photos of his vehicle showing preexisting damage to the vehicle used to assault Officer Swanson, (2) the proposed testimony of Angela Coy, who was a passenger in defendant's vehicle when the events took place but who did not testify at trial, apparently because she could not be located by either party, and (3) the record from the underlying conviction which

3.

establishes, according to defendant, that he did not use any force against Swanson when Swanson was attempting to pull defendant from his motor vehicle after the assault occurred.

None of these arguments are relevant to the issue before us. Defendant was convicted of assault with a deadly weapon on a police officer, a serious felony. That judgment is final. As a result, he is ineligible for resentencing pursuant to the provisions of section 1170.126, subdivision (e)(1). To the extent any of the issues identified in defendant's response were relevant to the underlying conviction, they should have been addressed in the direct appeal from the judgment of that conviction.

## DISPOSITION

The order denying defendant's petition for resentencing is affirmed.